IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| MARY MORRIS, INDIVIDUALLY, AND AS SURVIVING SPOUSE OF DAVID MORRIS, DECEDENT; and MICHAEL HOPKINS, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CAUSE NO. _____ |
| TENNESSEE VALLEY AUTHORITY, | § § | **JURY TRIAL DEMANDED** |
| *Defendant*. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Mary Morris, Individually, and as Surviving Spouse of Davis Morris, Decedent; and Michael Hopkins complain of Defendant Tennessee Valley Authority and would respectfully show unto the Court as follows:

### I.
### JURISDICTION & VENUE

1. This action is within the jurisdiction of this Court and its civil docket pursuant to 16 U.S.C. § 831c–2(b) as the Tennessee Valley Authority is a defendant.

2. This is a complaint for damages arising from personal injury.

3. Venue is proper as a substantial part of the events or omissions giving rise to the claim occurred in the district.

### II.
### PARTIES

4. Plaintiff Mary Morris is a resident of the State of Texas.

5. Plaintiff Michael Hopkins is a resident of the State of Tennessee

6. Plaintiff Mary Morris, as the surviving spouse of David Morris, Decedent, brings this action on behalf of the surviving wrongful death beneficiaries of Decedent, who is authorized by statute to bring this action pursuant to Tenn. Code § 20-5-107. Plaintiff is the surviving spouse of Decedent. In addition, a survival action is maintained pursuant to Tenn. Code § 20-5-106.

7. Defendant Tennessee Valley Authority is a corporation chartered by the United States Congress and doing continuous and substantial business within the district. Defendant Tennessee Valley Authority is headquartered within the District. Defendant Tennessee Valley Authority may be served by and through: its registered agent for service of process, Matthew Falkner, at 400 West Summit Hill Dr., Knoxville, Tennessee 37902; the U.S. Attorney General; and the U.S. Attorney for the Eastern District of Tennessee.

## III.
## NATURE OF THIS ACTION

8. Plaintiff Mary Morris is the surviving spouse of David Morris, Decedent.

9. On or about May 24, 2020, Decedent and Plaintiff Hopkins were in a personal recreation boat on the Tennessee River near the Fort Loudon Dam.

10. The Tennessee River is a navigable waterway of the United States.

11. At all times material hereto, the Fort Loudon Dam is controlled, operated, and maintained by Defendant TVA.

12. Unexpectedly, and without warning, Defendant TVA opened several dam locks causing a rush of water.

13. Decedent's and Plaintiff Hopkins' boat was pulled into the spillway by the rush of water.

14. Both Decedent and Plaintiff Hopkins were wearing life jackets at the time.

15. Decedent and Plaintiff Hopkins entered the water to try and escape the rapidly sinking boat.

16. Plaintiff Hopkins was ultimately rescued by bystanders.

17. Decedent, however, was pulled under the water and drowned.

18. Decedent's body was recovered downstream by the Loudon County Rescue Dive Team.

19. As a result, Plaintiff Hopkins sustained severe and lasting injuries.

20. Decedent's death, and Plaintiff's injuries, were the direct and proximate result of the failures of Defendant TVA and/or its employees and agents.

## IV.
## CAUSES OF ACTION

*A.  Wrongful Death/Negligence and Gross Negligence*

21. Defendant TVA is liable to Plaintiffs under the theories of negligence and gross negligence. Plaintiffs sustained injuries because of Defendant's negligence and gross negligence when Defendant:

- failed to properly supervise its employees and agents operating and controlling the dam;
- failed to properly train its employees and agents operating and controlling the dam;
- failed to sound an alarm or otherwise warn nearby individuals, including Decedent and Plaintiff Hopkins, that dam locks were about to be opened;
- failed to ensure that no vessels were in danger prior to opening the dam locks;
- failed to take reasonable precautions for others safety; and
- other acts so deemed negligent or grossly negligent.

3

22. Defendant is liable for the torts committed by its employees during the course and scope of their employment. Specifically, Defendant's employees, acting within the course and scope of their employment, and in furtherance of Defendant's business, had a general duty to exercise reasonable care in performing their work. Defendant's employees, however, failed to exercise the requisite standard of care under the given circumstances. As a result, Defendant is liable for the injuries suffered by Plaintiffs and Decedent under the doctrine of *respondeat superior.*

23. Each of the foregoing acts and omissions, singularly or in combination with others, constituted negligence and/or gross negligence that proximately resulted in the injuries Decedent suffered and his death and the injuries suffered by Plaintiffs.

24. The above referenced acts and/or omissions by Defendant constitute gross negligence and willful or wanton conduct taken in conscious indifference to the dangers and risks posed. Defendant's recklessness constituted an extreme degree of risk considering the probability and magnitude of the potential harm to others. Defendant was aware of the risk but nevertheless proceeded with conscious disregard to the rights, safety, and welfare of others, including Decedent and Plaintiffs. Defendant was fully aware of the dangers posed by the rapid release of water from the dam and the importance of ensuring that individuals are not in dangerous locations and for providing advance warning of opening the dam. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Decedent, and ultimately, his death as well as the injuries suffered by Plaintiffs.

25. Defendant's acts and/or omissions described above, when viewed from the standpoint of Defendant at the time of the acts and/or omissions, involved an extreme degree of risk, considering the probability of harm to the Decedent, Plaintiffs, and others.

26. Defendant had actual, subjective awareness of the risk involved in the above described acts and/or omissions, but nevertheless proceeded with conscious disregard of the rights, safety, or welfare of Decedent, Plaintiffs, and others.

## V.
## DAMAGES

27. Plaintiff Mary Morris, individually, and as the surviving spouse of David Morris, and Michael Hopkins, seeks all damages recoverable by law. Plaintiffs seek to recover those benefits that the eligible wrongful death beneficiaries of Decedent might have reasonably expected to receive from Decedent had he lived—including damages for loss of support, both monetary and otherwise, services, nurture, training, education, and guidance, as well as all other pecuniary damages recoverable under the Jones Act. Plaintiffs also sees to recover for the loss of society of Decedent and seeks to recover for the broad range of mutual benefits each family would have received from Decedent's continued existence, including love, affection, care, attention, companionship, comfort, and protection. Plaintiffs seek to recover the damages that the Decedent could have instituted suit to recover, for his untimely death.

28. Defendant's acts and omissions were negligent, grossly negligent, and reckless and did proximately cause the injuries and death of Decedent and Plaintiff's injuries. Further, said acts and omissions are the legal cause of Decedent's death and injuries prior to death, as set forth herein, all of which would not have occurred but for the acts and omissions of Defendant.

29. Defendant's conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of

5

the potential harm to others. Defendant's conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others, but also shows Defendant's actual and subjective awareness of the dangers of their conduct. Defendant proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs and Decedent. Defendant is therefore liable for exemplary damages.

30. As a direct, legal result of the negligence, gross negligence, and reckless conduct by Defendant as described above, Plaintiffs suffered the damages set forth in T.C.A. § 20-5-113, including but not limited to:

    a. Physical and mental pain and suffering;

    b. Medical bills and expenses;

    c. Funeral expenses;

    d. Lost wages;

    e. Loss of earning capacity;

    f. All incidental damages, including loss of the pecuniary value of Decedent's life;

    g. Punitive damages; and

    h. Such other and further relief as the Court may deem just and proper under Tennessee's wrongful death statutes.

WHEREFORE, Plaintiff prays that citation for Defendant TVA issue and be served upon the parties in a form and manner prescribed by law, requiring that the parties appear and answer, and that upon final hearing, Plaintiffs have judgment against the parties in a total sum in excess of the minimum jurisdictional limits of this Court. Plaintiff also seeks interest on all sums found to be owing from the date said interest accrues by law, all costs of these proceedings, and all such other and further relief, both in law and in equity, to which Plaintiff may be justly entitled.

6

Case 3:21-cv-00192-KAC-HBG   Document 1   Filed 05/24/21   Page 6 of 7   PageID #: 6

Respectfully submitted,

**LAW OFFICE OF WEIR & KESTNER, P.L.C.**

*/s/ Phillip Gombar*
_____

PHILLIP GOMBAR, BPR #020099
10541 Cedar Grove Road, Suite 130
P.O. Box 1851
Smyrna, TN 37167
E-mail: philgombar@wkjustice.com

AND

**PIERCE SKRABANEK, PLLC**
MICHAEL E. PIERCE (*to be admitted pro hac vice*)
Texas Bar No. 24039117
KYLE W. CHAPEL (*to be admitted pro hac vice*)
Texas Bar No. 24116188
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
Email:  michael@pstriallaw.com
          kyle@pstriallaw.com
          service@pstriallaw.com

**ATTORNEYS FOR PLAINTIFFS**